PER CURIAM.
Carol Hanna appeals sentences imposed after a guilty plea, contending that the sentences are illegal. The State concedes that the twenty-two-month sentences imposed on the misdemeanor offenses are illegal. Consequently, we reverse the misdemeanor sentences and remand *for re-sentencing.
With respect to circuit court case number 97-228, the trial court on remand must correct the judgment to conform to the plea agreement. In that case, defendant-appellant Hanna was charged with a violation of section.951.22, Florida Statutes (1997), a third-degree felony. The written plea agreement reflects that the defendant would be allowed to plea. to a lesser charge, the intent being that the defendant would plea to an appropriate misdemeanor. The probation order reflected, however, a plea of guilty to a violation of section 944.47, Florida Statutes, which is also a *356 felony. After revocation of probation, a judgment was entered reflecting that the offense at conviction was section 951.22 (which is a felony), but the judgment classifies the offense as a first-degree misdemeanor.
The State contends that once the defendant violated probation on what was clearly intended to be a misdemeanor, the trial court is allowed to reinstate the original felony charge and impose a felony sentence. The State has cited no authority which supports that proposition, and we know of none. The plea agreement in circuit court case number 97-228 was for a guilty plea to a misdemeanor offense. Under the applicable statute, “If such probation ... is revoked, the court shall adjudge the probationer ... guilty of the offense charged and proven or admitted, unless he or she has previously been adjudged guilty, and impose any sentence which it might have originally imposed before placing the probationer ... on probation.... ” § 948.06(1), Fla. Stat. (1997) (emphasis added). Upon violation of probation, therefore, the court may resentence the defendant, but is not permitted to adjudicate the defendant guilty of a different charge. Because the judgment in circuit court case number 97-228 is inconsistent with the plea agreement, we reverse the judgment and remand for entry of a judgment and sentencing order consistent with the plea agreement.
The defendant also contends, and the State concedes, that she is entitled to additional credit for time served on the two cases bearing 1997 case numbers. The sentencing orders in those two cases are reversed and remanded for additional credit for time served.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.